IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CR-195-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| JEMARE RAY MCNAIR | ) | |

This matter came before the court for sentencing on February 14, 2022. The court memorializes herein reasons for overruling defendant's objections to the Presentence Investigation Report's ("PSR") calculation of defendant's advisory guidelines range.

## BACKGROUND

Superseding indictment returned April 7, 2021, charged defendant with distribution of 28 grams or more of cocaine base (crack) (count one), and distribution of a quantity of cocaine base (crack) (counts two and three), all in violation of 21 U.S.C. § 841(a)(1). With a written plea agreement, defendant pleaded guilty to count one and the government agreed to dismiss counts two and three at sentencing. The PSR calculated a total offense level of 32 and a criminal history category VI, based upon defendant's status as a career offender, producing an advisory guideline range of 210 to 262 months.

Defendant objected to application of the career offender enhancement, as well as enhancements for possessing a dangerous weapon and maintaining a premises for the purpose of manufacturing or distributing a controlled substance. The court initially held sentencing hearing on January 20, 2022, at which defendant orally moved to continue. (See DE 59). Sentencing was reset to the instant setting, and defendant filed a sentencing memorandum on February 9, 2022,

(DE 60), addressing his career offender objection, and relying upon state court documents and defendant's criminal background check produced in discovery. The government responded to defendant's memorandum on February 11, 2022 (DE 62), relying upon the state court judgment in the record of the case United States v. Davis, 720 F.3d 215 (4th Cir. 2013).

**COURT'S DISCUSSION**

A.    Career Offender Designation

Defendant objects to his career offender designation, on the basis that two prior felony drug convictions identified in paragraphs 25 and 27 of the PSR were consolidated and therefore constitute one prior sentence. Relatedly, defendant objects to attributing one criminal history point to the conviction in paragraph 25.

As pertinent here, "defendant is a career offender if . . . defendant has at least two prior felony convictions of . . . a controlled substance offense." U.S.S.G. § 4B1.1(a) (emphasis added). "The term 'two prior felony convictions' means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of . . . a controlled substance offense . . . and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." Id. § 4B1.2(c).

For the purposes of career offender determination, a "prior sentence" is "any sentence previously imposed . . . for conduct not part of the instant offense." Id. § 4A1.2(a)(1). "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." Id. § 4A1.2(a)(2).

Here, the PSR identifies two prior felony convictions for controlled substance offenses: 1) possession with intent to sell or deliver cocaine (14CRS54390) (PSR ¶ 25) (the "54390" offense),

and 2) possession with intent to sell or deliver cocaine (14CRS56992) (PSR ¶ 27) (the "56992" offense). In accordance with § 4A1.2, the sentences for these convictions are counted separately because they were separated by an intervening arrest (i.e., defendant was arrested for the first offense on July 18, 2014, prior to committing the second offense, on November 11, 2014).

Defendant nonetheless argues that the paragraph 25 and 27 "convictions were consolidated and therefore constitute one prior sentence." (Def's Mem. (DE 60) at 1). Defendant cites <u>Davis</u> for the proposition that "where a defendant receives a 'consolidated sentence' (or 'consolidated judgment') under North Carolina law, it is one sentence and absent another qualifying sentence, the [career offender] enhancement is inapplicable." (<u>Id.</u> at 7 (quoting 720 F.3d at 219)).

<u>Davis</u>, however, is inapposite. There, "[c]onsistent with [a] plea agreement, the [state court] charges were to be consolidated for judgment as one [robbery with a dangerous weapon offense] and sentenced as a class D felony." 720 F.3d at 216. "In exchange, the state agreed to dismiss the remaining charges," and "the state court imposed <u>one sentence</u> of 61 to 83 months." <u>Id.</u> (emphasis added). The court of appeals further noted that when, as in that case, "a North Carolina court consolidates offenses for judgment," under N.C. Gen. Stat. § 15A-1340.15(a), "the outcome is a <u>single judgment</u> for which the length of the sentence is controlled by the maximum sentence for the most serious offense." <u>Id.</u> at 218 (emphasis added). There, "[f]or his prior 2004 and 2005 offenses, [the defendant] received a '<u>single judgment</u> for consolidated offenses' pursuant to this North Carolina statutory provision." <u>Id.</u> (emphasis added).

Here, by contrast, the state court entered two separate judgments, each imposing its own sentence. (See DE 60-1 at 1, 5). Moreover, both judgments included the statement that "The Court, having considered evidence, arguments of counsel and statement of defendant, Orders that the above offenses, <u>if more than one</u>, be consolidated for judgment and the defendant be

3

imprisoned" to a term of imprisonment for a term of 10-21 months, suspended.  Id. (emphasis added).  Notably, in each of the judgments, there is only one offense listed, and one separate file number for each. (Id. (specifying individually file numbers 54390 and 56992)).  In addition, the judgment for the 56992 offense expressly notes that the sentence of imprisonment "shall run at the expiration of sentence imposed" in the other case, 54390.  (Id. at 5). Accordingly, the instant case did not involve a "single judgment for consolidated offense," as in Davis.

Defendant argues that it is significant that the "F.B.I. criminal background check" fails to list the 54390 conviction on defendant's record.  (Def's Mem. (DE 60) at 4; see corrected Exhibit B, thereto (DE 61) at 9).  He also suggests that it is significant that the document states "consolidated" multiple times. (See id.). He further points out differences in the judgments and the absence of imposition of costs and probation terms in the second judgment.  (See id. at 3-4).

Under Davis, however, none of these facts are determinative.  Indeed, Davis described a contrasting case, United States v. Huggins, 191 F.3d 532, 539 (4th Cir. 1999), where a defendant's offenses were "consolidated for sentencing," but that still did "not equate to 'consolidated sentence' (or 'consolidated judgment')," which is the specific statutory mechanism that took place in Davis, but not in Huggins or the instant case. See Davis, 720 F.3d at 219; see also United States v. Stuart, 1 F.4th 326, 330 (4th Cir. 2021) (holding that reactivated sentence and sentence for new conviction imposed on the same day were properly treated as separate sentences). Furthermore, it is notable that defendant's second judgment in the instant case imposed probation conditions by reference to the first judgment, and that the court expressly "waive[d] costs" for the second judgment. (DE 60-1 at 5).

Defendant further argues that the sentences for the 54390 and 56992 offenses must be treated as a single sentence because it is contrary to North Carolina law to sentence a defendant to

4

consecutive probationary sentences. That is not, however, what is provided by the state court judgments for the 54390 and 56992 offenses. Rather, the judgment for the 56992 offense imposes a sentence of imprisonment of 10-21 months, and it states that "<u>this sentence</u> shall run at the expiration of sentence imposed in file number [54390]." (DE 60-1 at 5). Thus, it is the sentence of imprisonment that is consecutive. With respect to the suspension of sentence, and the imposition of probation, the judgment states, instead, "defendant shall comply with the conditions set forth in file number [54390]." (<u>Id.</u>). There is no statement in the judgments that the terms of probation run consecutively. As recognized by the court in <u>Davis</u>, under North Carolina law, the general rule is that sentences run concurrently, but "the court may impose a consecutive sentence by expressly specifying the sentence as such." 720 F.3d at 218. Thus, the imposition here of a 24 month term of probation in each judgment does not transform the judgments into a "single judgment for consolidated offenses," under <u>Davis</u>. <u>Id.</u>

In sum, the convictions at paragraphs 25 and 27 of the PSR properly are treated as separate sentences. For the same reason, they are each scoreable as indicated in the PSR. Therefore, defendant's objection to the career offender guideline, as well as defendant's related supplemental objection to scoring the conviction at paragraph 25, properly are overruled.

B.     Firearm and Premises Enhancements

Because of defendant's career offender status, defendant's remaining objections do not have an impact on the advisory guidelines range. The court nonetheless addresses the reasons for overruling those objections for the sake of completeness of the record.

Defendant objects to a two-level enhancement for possessing a firearm, arguing that he did not possess the firearm during the commission of any offense. The guidelines provide that "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels." U.S.S.G. §

5

2D1.1(b)(1). This "enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id. comment (n.11(A)). "[T]he [g]overnment must prove by a preponderance of the evidence that the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (quotation omitted). "To satisfy that burden, however, the Government does not need to prove precisely concurrent acts, such as a gun in hand while in the act of storing drugs." Id. (quotation omitted). "[S]o long as a firearm's location makes it readily available to protect either the participants themselves during the commission of the illegal activity or the drugs and cash involved in the drug business, there will be sufficient evidence to connect the weapon to the offense conduct." Id. at 629.

Here, according to the PSR, "the CI [confidential informant] reported MCNAIR always had a pistol on him and MCNAIR and others at the King Tuck Road residence had guns on them while selling drugs." (PSR ¶ 8). This information is sufficient to support the two-level enhancement for possession of a firearm, given the presence of the firearm during drug transactions. Therefore, this objection properly is overruled.

Defendant also objects to a two-level enhancement for maintaining a premises. The guidelines provide that "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase by 2 levels." U.S.S.G. § 2D1.1(b)(12). According to the application notes, this enhancement "applies to a defendant who knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution." Id. comment. (n. 17).

6

For purposes of this enhancement, "[m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises." Id. "In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes." Id. "Among the factors the court should consider in determining whether the defendant 'maintained' the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." Id.

Here, according to the PSR, the CI purchased from defendant at the "King Tuck Road" residence in St. Pauls, North Carolina, on April 20 and April 27. (PSR ¶ 7). In addition:

> The CI also advised McCaskill, MCNAIR, and others sold drugs out of the King Tuck Road residence in St. Pauls, and that MCNAIR had been selling drugs out of that residence for several years. Additionally, the CI identified the location where the CI purchased cocaine base (crack) from MCNAIR on March 17, 2020. The CI also advised he/she has seen MCNAIR with up to 200 grams of cocaine base (crack) at the King Tuck Road residence in the past, and that MCNAIR would cook crack cocaine on a single burner that was set up in the carport of the King Tuck Road residence. The CI further reported that MCNAIR cooks all of his crack cocaine himself.

(PSR ¶ 8). This information is sufficient to support the two-level enhancement for maintaining a premises, where defendant used the residence for both distribution and manufacturing by "cooking" crack. Thus, defendant's objection to the enhancement for maintaining a premises properly is overruled.

7

## CONCLUSION

For the foregoing reasons, the court OVERRULED defendant's objections to the presentence investigation report.

DATED, this the 16th day of February, 2022.

                                          LOUISE W. FLANAGAN
                                          United States District Judge